IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Jerry Dione Cranford, | ) | |
| | ) | C.A. No. 6:11-cv-02791-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Mr. Kammerer, As Classification | ) | |
| Caseworker; Ms. Christel Wilson, | ) | |
| As MCI IGC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

      This matter is before the court on the Magistrate Judge's Report and Recommendation [Doc. 9], filed on November 17, 2011, recommending the court summarily dismiss without prejudice and without service of process the Complaint filed by Plaintiff Jerry Dione Cranford [Doc. 1]. The Report and Recommendation also recommends that Plaintiff's Motion for Return of Property be denied. [Doc. 101]. The Report and Recommendation sets forth in detail the relevant facts and legal standards on this matter, and the court incorporates the Magistrate Judge's recommendation herein without a recitation.

      The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

1

Plaintiff was advised of his right to file objections to the Report and Recommendation [Doc.9-4]. Plaintiff timely filed objections [Doc. 13] to the Report and Recommendation in which Plaintiff notes that he does not object to the recommended disposition of his case as outlined in the Report and Recommendation. However, Plaintiff does seek clarification regarding the court's assessment of a filing fee in light of Plaintiff's motion to proceed *in forma pauperis*. For further clarification, the court notes that the Prison Litigation Reform Act (PLRA) of 1996 permits a prisoner to file a civil action without the prepayment of fees or security, but requires the prisoner "to pay the full amount of the filing fee" as funds are available. *See* 28 U.S.C. § 1915(a), (b). Accordingly, the filing of a motion to proceed *in forma pauperis* does not relieve a prisoner of the obligation to pay the filing fees.

Notwithstanding the clarification request addressed above, in reviewing Plaintiff's objections, the court finds that Plaintiff did not file specific objections to the Report and Recommendation. Failure to file specific written objections to the Report and Recommendation results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

After a thorough review of the Report and Recommendation and the record in this case, the court adopts the Magistrate Judge's Report and Recommendation.

It is therefore **ORDERED** that Plaintiff's Complaint [Doc. 1] is summarily **Dismissed** without prejudice and without service of process.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

Greenville, South Carolina
December 29, 2011

2